IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | CASE NO.1:19-CV-00088-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN NEIL TURNER, | ) | |
| | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me by referral[1] is the amended[2] *pro se* petition[3] of Michael Harris for a writ of

habeas corpus under 28 U.S.C. § 2254. Harris is incarcerated by the State of Ohio at the Lake Erie

Correctional Institution in Conneaut, Ohio where he is serving an aggregate sentence of fifteen

years to life in prison that was imposed in 2016 by the Cuyahoga County Common Pleas Court

---

[1] The matter was referred to me for a Report and Recommendation under Local Rule 72.2 by United
States District Judge John R. Adams in a non-document order entered on January 22, 2019. Without
effecting the referral, the case was reassigned to United States District Judge J. Philip Calabrese by a non-
document order entered on December 16, 2020.
[2] ECF No. 13.
[3] ECF No. 1.

after Harris was found guilty at a bench trial of multiple charges arising out of the murder of a four-year-old child who Harris was watching at the request of the child's mother.[4]

Harris initially advanced four grounds for habeas relief,[5] but by later amendment has voluntarily dismissed with prejudice Grounds One, Three and Four.[6] His remaining claim for habeas relief in Ground Two – which he "clarified" in the amendment[7] - is that his conviction was not supported by substantial evidence.[8] The State, in its return of the writ, contends that Ground Two should be dismissed as procedurally defaulted for not being timely appealed to the Ohio Supreme Court[9] or, alternatively, should be denied as without merit.[10]

For the reasons stated below, I will recommend that the now single-issue petition of Michael Harris be denied on the merits after AEDPA review.

## Proceedings in the State Courts

### A.  Underlying Facts, Trial, and Sentencing

The relevant background facts as found by the Ohio appeals court[11] are simply stated.

Harris was watching a four-year-old boy at the boy's home at the request of the child's mother while the mother showered.[12] The mother observed the boy sitting on a couch with his siblings when she left the bathroom for the bedroom, but when she later went to get the children

---

[4] ECF No. 8, Attachment 2 (state court record) at 79-80.
[5] ECF No. 1 at 7-14.
[6] ECF No. 10 at 26-27.
[7] ECF No. 9 at 1.
[8] ECF No. 10 at 27-31.
[9] ECF No. 8 at 23-24.
[10] *Id*. at 34-39.
[11] Facts found by the state appeals court are presumed correct by the federal habeas court. 28 U.S.C. § 2254 (e)(1).
[12] ECF No. 8, Attachment 2 at 79.

ready to leave the house, she found the boy unresponsive and not breathing.[13]EMS was called but could not revive the boy.[14]

The child's death was ruled a homicide by the coroner, who determined that the boy died from a recent blunt force impact to his trunk.[15]The autopsy revealed severally freshly broken ribs, as well as evidence of healed fractures from potentially past abuse.[16]The state's expert testified that the boy's recent injuries occurred immediately before his death, and ruled out the possibility that the rib fractures could have been caused by an unsuccessful attempt to resuscitate the child since the fractures were the result of trauma to the back consistent with being struck by a fist, foot or other blunt object.[17]

Harris was indicted on one count of murder, one count of felonious assault, one count of involuntary manslaughter, two counts of endangering children, and one count of domestic violence.[18]Before trial, Harris waived his right to a jury trial.[19]After a bench trial, Harris was found guilty on all charges[20] and, on August 10, 2016, was sentenced to an aggregate sentence of fifteen years to life imprisonment.[21]

B.        Proceedings in the Ohio Court of Appeals

---

[13] *Id*.

[14] *Id*.

[15] *Id*. at 79-80.

[16] *Id*. at 80.

[17] *Id.*

[18] *Id.* at 1, 4.

[19] *Id*. at 8.

[20] *Id*. at 10.

[21] *Id*. at 11.

On August 12, 2016, Harris, through different counsel,[22]timely filed[23]a notice of appeal.[24]In his brief, Harris set forth the following four assignments of error:

> 1. The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim. R. 29(a), on the charges, and thereafter entering a judgment of conviction of those offenses as [conviction on] those charges were not supported by sufficient evidence, in violation of defendant's right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

> 2. Appellant Michael Harris 'convictions are against the manifest weight of the evidence.

> 3. Appellant Michael Harris was denied his right to a fair trial as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when the court failed to allow separate trials.

> 4. The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid. R 404(b) and appellant's rights under Article I, Section 1, of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.[25]

The State filed a responsive brief.[26]On May 25, 2017, the Ohio appeals court overruled all the assignments of error and affirmed the judgment of the trial court.[27]

## C. Proceedings in the Supreme Court of Ohio

On March 21, 2018, or nearly 10 months after the decision of the appeals court, Harris, *pro se*, filed a notice of appeal[28] and motion for a delayed appeal[29] with the Supreme Court of Ohio. In his motion for a delayed appeal, Harris stated that he had to rely on "jailhouse lawyers" to inform

---

[22] Don Butler represented Harris at trial (*id*. at 10) and Thomas Rein represented him on appeal. *Id*. at 13.
[23] To be timely, a notice of appeal must be filed in the appellate court within 30 days of the judgment of conviction. Ohio App. R. 4 (A).
[24] ECF No. 8, Attachment 2 at 13.
[25] *Id*. at 23.
[26] *Id*. at 53.
[27] *Id*. at 77.
[28] *Id*. at 128.
[29] *Id*. at 131.

him of the timelines for perfecting an appeal.[30]Because the advice given by those inmate sources was "incompetent," it created a circumstance beyond Harris 'control that caused him to miss the filing deadline for an appeal to the Ohio Supreme Court.[31]He asked the court to "take into consideration 'Prison Life Experience'" and permit the filing of a delayed appeal.[32]

The State did not file a responsive brief. On May 9, 2018, the Supreme Court of Ohio denied the motion to file a delayed appeal and dismissed the action.[33]

## D.     Ohio Post-conviction Proceedings

Subsequent to the appellate decision on direct appeal but before moving for a delayed appeal of that decision to the Ohio Supreme Court, Harris, *pro se*, on July 14, 2017, filed a timely[34] motion to reopen the appeal.[35] In his motion to reopen he alleged that his appellant counsel was deficient in: (1) not arguing that there was insufficient evidence to show that Harris purposely caused the death of the child and (2) not arguing, in the manifest weight claim, that (a) there were discrepancies in the timeline and (b) that the child's mother caused the boy's death.[36]

---

[30] *Id*. at 133.

[31] *Id.*

[32] *Id*.

[33] *Id*. at 151

[34] To be timely, an application to reopen an appeal must be filed within 90 days of the journalization of the judgment sought to be reopened. Ohio App. R. 26(B)(1). Here, the appellate judgment was journalized May 25, 2017 and the application to reopen was filed on July 14, 2017.

[35] ECF No. 8, Attachment 2 at 91.

[36] *Id*. at 93.

The State filed a responsive brief.[37] On January 8, 2018, the Ohio appellate court rejected the application to reopen.[38] Harris did not appeal this decision to the Supreme Court of Ohio.[39]

## Federal Habeas Petition

On January 7, 2019, Harris, *pro se*, timely[40] filed the present petition for habeas relief by placing it in the prison mail system.[41] He submitted four grounds for relief:

1.      Appellate counsel for petitioner failed to argue with a supporting record that petitioner suffered ineffective assistance of trial counsel when counsel used unreasonable judgment in not motioning the court for the suppression of witness statements as to the timeline of events as they actually occurred.

2.      The petitioner was denied a right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court erred in denying his Criminal Rule 29(A) motion for acquittal.

3.      Petitioner was deprived of a fair trial in accordance to [*sic*] the Ohio Constitution and the Sixth and Fourteenth Amendment[s] of the United States Constitution when the trial judge allowed the criminal offenses to be tried jointly.

4.      Petitioner['s] convictions were against the manifest weight of the evidence.[42]

The State filed a return of the writ arguing first that the entire petition was procedurally defaulted because neither the decision of the Ohio appellate court on direct review or the decision of that court as regards the Rule 26(B) application were timely appealed to the Ohio Supreme

---

[37] *Id*. at 111.

[38] *Id.* at 120.

[39] See, ECF No. 8 at 6.

[40] A federal habeas petition is timely filed if filed within one year of when the petitioner's conviction became final. 28 U.S.C § 2244 (d)(1)(A). However, the one-year time period is tolled during the pendency of a timely-filed application for post-conviction relief. 28 U.S.C. § 2244 (d)(2).

[41] ECF No. 1. See, *Houston v. Lack*, 487 U.S. 266 (1988) (prison mailbox rule for filing).

[42] ECF No. 1.

Court.[43] Moreover, the State argues that Ground One[44] and Ground Two[45] can also be denied on the merits, while Grounds Three and Four can be also dismissed as non-cognizable.[46]

After moving for,[47] and receiving,[48] leave of Court, Harris, as noted above, amended his petition to voluntarily dismiss Claims One, Three and Four with prejudice. As also noted above, the amended petition also clarifies, consistent with the state appellate brief, that Ground Two states a claim that the conviction was not supported by substantial evidence.

## Analysis

### A.    Preliminary Observations

Before proceeding further I make the following preliminary observations:

\*    There is no dispute that Harris is in custody of the State of Ohio as a result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time this petition was filed, thus vesting this Court with jurisdiction.[49]

\*    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[50]

---

[43] ECF No. 8 at 12-24.
[44] *Id*. at 25-33.
[45] *Id*. at 34-39.
[46] *Id*. at 39-42.
[47] ECF Nos. 9, 10.
[48] ECF No. 13.
[49] 28 U.S.C. § 2254(a).
[50] 28 U.S.C. § 2254(d)(1).

\*       In addition, as my own review of this Court's docket confirms, this is not a second or successive petition for federal habeas relief arising from this conviction and sentence.[51]

\*       Moreover, subject to the procedural default arguments raised by the State, the single remaining claim appears to have been totally exhausted in Ohio courts by virtue of it having been presented in those courts to the extent allowed by law and cannot now be presented further due to Ohio's *res judicata* rule.[52]

\*       Finally, although Harris has asked for an evidentiary hearing, which issue will be addressed below, he has not sought the appointment of counsel.[53]

## B.       Recommended Adjudication

### 1.       *Ground Two Should Be Dismissed as Procedurally Defaulted.*

As noted above, the sole remaining ground for relief is the original Ground Two arguing insufficient evidence. The State has claimed first that this ground should be dismissed as procedurally defaulted because, after the claim was denied by the Ohio appeals court in the direct appeal, Harris did not timely file an appeal of that decision with the Supreme Court of Ohio. Harris, for his part, acknowledges that he sought and was denied the ability to file a delayed appeal in the Ohio Supreme Court, which constitutes a procedural default.[54] But he contends that he had cause to explain the default; namely, that he received and relied on incorrect advice from a "jailhouse

---

[51] 28 U.S.C. § 2254(b).

[52] 28 U.S.C. § 2254(b).

[53] See, ECF Nos. 1 (original petition) at 14; 10 (amended petition) at 32.

[54] The denial of a delayed appeal is an adequate and independent state law ground supporting a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

lawyer" as to the time for filing an appeal in the Ohio Supreme Court, as well as being hampered by deficiencies in the prison library.

Initially, I observe that the standards for establishing a procedural default, and then for excusing an established default, are well-known. Essentially, a habeas petitioner procedurally defaults on a claim if the state court was precluded from considering that claim by operation of an independent and adequate state procedural rule.[55] That default can occur either due to a petitioner's failure to raise the claim while state remedies were available or due to a state procedural rule preventing the state court from reaching the merits of a presented claim.[56] When the default allegedly arises because of the operation of a state procedural rule, the default must be established by showing that: (1) the petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petition; (3) the rule is regularly followed and well-established and (4) the rule is an adequate and independent state law basis for foreclosing federal habeas review.[57]

A petitioner may avoid a procedural default by showing cause for the default and prejudice from failing to address his claim, or by showing that a miscarriage of justice will result from enforcing the default in the petitioner's case.[58] Cause means more than giving an excuse or explanation, rather, it means that the petitioner can show that some factor external to him impeded his attempts to comply with the state procedural rule.[59] Prejudice means that petitioner must show that his entire trial was infected with error of a constitutional dimension.[60] Both cause and

---

[55] *Coleman v. Thompson*, 501 U.S. 722, 746 (1991).

[56] *Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977).

[57] *Lundgren v. Mitchell*, 440 F.3d 754, 763-64 (6th Cir. 2006).

[58] *Sykes*, 433 U.S. at 87.

[59] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[60] *United States v. Frady*, 456 U.S. 152, 170 (1982).

prejudice must be established to excuse a procedural default.[61] A fundamental miscarriage of justice means the conviction of one who is actually innocent.[62]Actual innocence here is established when the petitioner provides new, reliable evidence, not available at trial, that shows that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[63]Moreover, actual innocence means "factual innocence, not legal insufficiency."[64]

There is no right to counsel when seeking an appeal to the Ohio Supreme Court.[65]Thus, while constitutionally ineffective assistance of counsel may, under appropriate situations, constitute cause to excuse a procedural default,[66] ineffective assistance of counsel cannot constitute cause to excuse a procedural default where the alleged error caused the petitioner to default in a proceeding in which the petitioner was not entitled to counsel.[67]Specifically, as the district court in *Williams v. Hurley* ruled when confronting this same issue in the context of attorney error as the claimed cause for a late filing in the Ohio Supreme Court, "because petitioner had no right to counsel on appeal to the Ohio Supreme Court, the ineffective assistance of counsel cannot constitute cause for his procedural default in failing to file a timely appeal."[68]

Thus, while Harris's reliance on non-attorney "jailhouse lawyers" is not precisely equivalent to the petitioner 'reliance in *Williams* on a licensed attorney, the fundamental point is the same. Namely, that in situations where there is no right to counsel, claims that a procedural

---

[61] *Murray*, 477 at 494-95 (citations omitted).
[62] *Id*. at 496.
[63] *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995).
[64] *Bousely v. United States*, 523 U.S. 614, 623 (1998).
[65] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 205).
[66] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citations omitted).
[67] *Williams v. Hurley,* 2006 WL 1804550, at ** 2-3 (S.D. Ohio June 28, 2006) (citing cases).
[68] *Id*.

default occurring in those situations may be excused by pointing to the actions of a person functioning in the role of an advocate or counsel cannot establish cause for the default.[69]

Harris also argues that he should nevertheless be excused from the consequences of filing late because he was himself "in over his head" regarding pursuing his appeal due to his limited education and intelligence and was without funds to hire an attorney, as well as impeded by deficiencies in the prison law library and its staff.[70]Regardless of the truth of those representations, neither a petitioner's *pro se* status nor his ignorance of the law nor claimed deficiencies in the prison law library or its staff are sufficient bases for excusing a procedural default.[71]

Further, the time limit for seeking an appeal to the Ohio Supreme Court is a well-established, regularly followed state law rule that forecloses federal habeas consideration of the underlying claim.[72]

Moreover, after having failed to establish cause to excuse the procedural default of a late filing with the Ohio Supreme Court, I need not consider any element of prejudice, since, as noted above, both cause and prejudice must be shown to excuse a default. In addition, Harris has not provided new, reliable evidence of actual innocence such as would make it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

---

[69] *Mays v. Warden*, 2013 WL 3322387, at *2 (S.D. Ohio July 1, 2013) (citations omitted) (R&R), adopted 2013 WL 5236755 (S.D. Ohio Sept. 17, 2013); *Lilly v. Curtain*, 2011 WL 5599391, at *3 (E.D. Mich. Nov. 17, 2011)(citation omitted).
[70] ECF No. 10 at 21-22.
[71] *Bonilla*, 370 F.3d at 498.
[72] *Bonilla*, 370 F.3d at 494.

Accordingly, for the reasons stated, I recommend that the petition of Michael Harris for federal habeas relief, now consisting of the single claim of Ground Two of the initial petition, as amended, be dismissed as procedurally defaulted.

**2.     *Alternatively, Ground Two Should Be Denied on the Merits After AEDPA Review.***

Alternatively, should the district court elect to by-pass the procedural default argument,[73]I recommend that the sole remaining ground for habeas relief – Ground Two – be denied on the merits after AEDPA review.

Here, the Ohio appeals court analyzed Harris 'sufficiency of the evidence claim pursuant to the well-known federal standard of *Jackson v. Virginia*,[74] as that test was incorporated into Ohio law in *State v. Jenks*.[75]Specifically, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt.[76]In doing so, the federal habeas court does not reweigh evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the factfinder.[77] Moreover, for the federal habeas court, after first so according deference to the trier of fact, it must then also give deference to the finding of the state appeals court that found the evidence to be sufficient.[78]This double-deference standard is "difficult to meet" because "it was

---

[73] The Sixth Circuit has ruled that a federal habeas court may bypass a procedural default when, *inter alia*, addressing it is unnecessary to resolving the claim against the petitioner on the merits. *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).
[74] 443 U.S. 307, 319 (1979).
[75] 61 Ohio St. 3d 259, ¶ 2 of the syllabus (1991).
[76] ECF No. 8, Attachment 2 at 86.
[77] *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018) (internal citation omitted).
[78] *Id.* at 699 (citations omitted).

meant to be."[79] Habeas corpus is a guard against "extreme malfunctions" in the state criminal justice systems, not "a substitute for ordinary error correction through appeal."[80]

Here, the Ohio appeals court began by summarizing Harris 'argument on appeal (as in the federal habeas petition) and then resolved the issue:

> The crux of Harris 'sufficiency argument is that the state only presented circumstantial evidence in support of his conviction. According to Harris, because there was no direct proof that he injured the child (there was no eyewitness testimony and no DNA or other physical evidence linking Harris to the crime), the state failed to present evidence of his guilt beyond a reasonable doubt. We can address this argument as summarily as it was presented: "Circumstantial evidence and direct evidence inherently possess the same probative value." Jenks at paragraph one of the syllabus.

> Taking the evidence in a light most favorable to the state, Harris was responsible for the child immediately preceding the child's death, which was undisputably [*sic*] caused by abuse that would have incapacitated the child within minutes. The other children present could not have caused the injuries according to the state's experts, and the only other adult in the house at the time was in the shower immediately before the child was found incapacitated, another fact not in dispute. This is a quintessential case of circumstantial evidence, and Harris has not presented any arguments as to why such evidence was otherwise insufficient based on the individual elements of the charged crimes. App. R. 16(A)(7).[81]

Harris at the state appeal, as here,[82] tries to argue that the only evidence against him was circumstantial. He further contends that there was no evidence that he had abused the children in the past, but only that the mother had.[83] That said, as the Ohio appeals court found, those points do not address the facts, outlined above, that the child's injuries here occurred when Harris was the only adult around and that the injuries were such that they could only have been caused by that

---

[79] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
[80] *Id*.
[81] ECF No. 8, Att. 2 at 86-88.
[82] See, ECF No. 10 at 30-31. "The only theory that Petitioner was the person that caused the child's death is that he was the last person to handle the child. Without more, this is circumstantial evidence of the worst kind."
[83] *Id*. at 30.

sole adult - Harris. As the Ohio court acknowledged, "there is evidence that the mother might at least have allowed the abuse to occur, but the trial court, as the trier of fact, resolved those issues against Harris."[84]

Thus, viewing the evidence in a light most favorable to the state, and according deference both to the trier of fact and to the reviewing Ohio appellate court finding in this regard, I alternatively recommend denying Ground Two on the merits.

### Conclusion

For the reasons stated, I recommend alternatively dismissing or denying the entire sole remaining claim of the petition of Michael Harris for a writ of habeas corpus.

IT IS SO RECOMMENDED.

Dated: January 7, 2022                              s/William H. Baughman Jr.

---

[84] ECF No. 8, Att. 2 at 90.

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.