# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | Case No. 1:19-cv-0088 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| WARDEN NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Michael Harris objects to the Magistrate Judge's Report and Recommendation that the Court dismiss Petitioner's habeas petition. (ECF No. 14; ECF No. 16.) For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES** and **DISMISSES** the petition.

### STATEMENT OF FACTS

Under the Antiterrorism and Effective Death Penalty Act of 1996, the facts established in the State courts "shall be presumed to be correct" unless Petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360−61 (6th Cir. 1998). Therefore, the Court takes the following facts from the intermediate State appellate court. (ECF No. 8-2, PageID #154−55.)

Mr. Harris was convicted of murder for the death of a four-year-old child in his care. (*Id.*) Mr. Harris was romantically involved with the child's mother and

routinely visited the mother's house and watched her five children. (*Id.*) On the day of the child's death, Mr. Harris was attending to the children when their mother took a shower. (*Id.*) After returning, the mother saw the child sitting upright on the couch and later discovered that the child was not breathing and unresponsive. (*Id.*) The mother called 911 and attempted CPR. (*Id.*) Emergency services transported the child to the emergency room but could not resuscitate him. (*Id.*) Investigating officers interviewed both the mother and Mr. Harris and found no significant discrepancies in their timeline of events. (*Id.*)

The coroner reported that the child's death was a homicide caused by a blunt force impact to his trunk which a fist, foot, or another blunt object could have caused. (*Id.*, PageID #155.) The impact lacerated the child's spleen and liver, broke several of his ribs, and occurred within minutes of his death. (*Id.*) The coroner determined that only an adult could have provided the force needed to cause this type of injury. (*Id.*, PageID #162.) Also, the child had previously healed rib fractures, showing the possibility of former abuse. (*Id.*)

After a bench trial, Mr. Harris was convicted of murder and sentenced to prison for fifteen years to life, subject to post-release control. (*Id.*) Other counts against Mr. Harris merged with the murder conviction and are not relevant here. (*Id.*)

## PROCEDURAL HISTORY

### A. Direct Appeal

On August 12, 2016, Petitioner timely appealed his conviction. (ECF No. 8-2, PageID #88.) In his brief, Petitioner asserted four assignments of error, including that his conviction was not supported by substantial evidence. (*Id.*) On May 25, 2017,

the Ohio intermediate appellate court overruled the assignments of error and affirmed the judgment of the trial court. (*Id.*, PageID #152.)

On March 21, 2018, some ten months after the appellate court's ruling, Petitioner filed a notice of appeal *pro se* and a motion for delayed appeal to the Supreme Court of Ohio. (*Id.*, PageID #203, 206.) Petitioner claimed he did not file within the appeal deadline because he relied on jailhouse lawyers who provided him with incorrect information about the deadline to appeal, creating a circumstance beyond his control. (*Id.*, PageID #208.) He asked the court to account for his "Prison Life Experience" and permit the delayed appeal. (*Id.*) On May 9, 2018, the Supreme Court of Ohio denied and dismissed his appeal. (*Id.*, PageID #226.)

### B. Federal Habeas Petition

On January 7, 2019, Petitioner applied for a writ of habeas corpus. (ECF No. 1.) After amending his habeas petition and voluntarily dismissing three grounds for relief, his only ground for habeas relief is that his conviction is not supported substantial evidence. (*Id.*)

The Magistrate Judge issued a Report and Recommendation that the petition be dismissed for two reasons. (ECF No. 14, PageID #744-745.) First, Petitioner's claim is procedurally defaulted because the Ohio Supreme Court denied Petitioner's motion for delayed appeal and, therefore, Petitioner did not properly exhaust all State remedies before seeking habeas relief. (*Id.*, PageID #743−45.) Further, Petitioner fails to show cause for his procedural default or prejudice for refusing to review his claim because he had no right to counsel when appealing to the Supreme Court of Ohio. (*Id.*)

3

Alternatively, the Magistrate Judge recommends that Petitioner's sole ground for relief should be denied on the merits. (*Id.*) Specifically, Petitioner did not meet the high burden of showing that no "rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt." (*Id.*)

On February 17, 2022, after receiving a 60-day extension, Petitioner filed his objections to the Magistrate Judge's Report and Recommendation. (ECF No. 15; ECF No. 16.) Petitioner objected to the Magistrate Judge's recommendation on the merits, but did not object to the Magistrate Judge's determination that his ground for relief is procedurally defaulted. (ECF No. 16.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections

4

to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner raises.

## PROCEDURAL DEFAULT

Generally, a federal court may not consider a habeas petition unless a State prisoner has presented his claim to the State courts in accordance with their procedural rules. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1727 (2022). Where the petitioner has failed to do so, and the State courts would dismiss or deny the claim on that basis, the federal court must do the same because the petitioner has procedurally defaulted the claim. *Id.* at 1727–28. To overcome a procedural default, a petitioner must demonstrate cause to excuse the procedural defect and actual prejudice if the federal court declined to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## ANALYSIS

In his only objection, Petitioner argues that, contrary to the determinations of the State court and the Magistrate Judge, substantial evidence does not support his conviction. (ECF No. 16, PageID #757.) In this regard, as a formal matter, Petitioner maintains that the State courts misapplied the substantial evidence rule established

5

in *Jackson v. Virginia*, 443 U.S. 307, 313 (1979); *see also Williams v. Taylor*, 529 U.S. 362, 365 (2000) ("A federal habeas court may grant relief if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."). In *Jackson*, the Supreme Court held that courts reviewing habeas petitions challenging the sufficiency of the evidence must consider "whether there was sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 313. Petitioner argues that no rational tier of fact could have found him guilty beyond a reasonable doubt because (1) the State court relied on circumstantial evidence with no eyewitness or DNA evidence to back their case, and (2) the child's mother, also home during the incident, had the physical capacity to cause the blunt force trauma that killed the child. (ECF No. 16, PageID #757.)

This case presents two difficulties. Working backward, review of the record makes plain the concerns Petitioner raises about the fundamental fairness of his conviction. That is not to say that his claim has merit. It might or might not. But his claim is not frivolous. However, Petitioner did not object to the Magistrate Judge's recommendation that the claim is procedurally defaulted. As a threshold matter, the Court adopts that recommendation—both because Petitioner failed to object, but also because the record shows the recommendation is legally correct. Without regard to his arguments on the merits, Petitioner's claim is procedurally defaulted. (ECF No. 14, PageID #741−45.) The Report and Recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to

6

timely object may waive the right to appeal the Court's order. (*Id.*, PageID #748.) The Report and Recommendation was filed on the docket on January 7, 2022 and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation regarding procedural default.

Under the law of this Circuit, "failure to object to a Magistrate Judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the Magistrate Judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be

7

considered on appeal. *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected to Magistrate Judge's conclusion that his claim is procedurally defaulted, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation's determination (ECF No. 14) that Petitioner's claim is procedurally defaulted. Because of the procedural default, the Court has no occasion to pass on the merits of Petitioner's claim that substantial evidence does not support his conviction.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objection (ECF No. 16), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14), and **DENIES** and **DISMISSES** the petition (ECF No. 1). Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated: July 6, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio

8